19-3251 from the District of Nebraska, United States v. Antonio Escobar. Mr. Collin Karian, we'll hear from you first. Thank you judges. Ms. Smith, may it please the court. First, if this is the first time in front of this, for me in front of this panel, I appreciate your patience today and I appreciate your court conducting these hearings via video conference. This is going to be a relatively short oral argument. Judge, I have reviewed the briefs submitted by obviously myself and by Ms. Smith on behalf of the United States government. I have reviewed case law and I'm aware of the Eighth Circuit case law surrounding this issue. The issue of whether or not the immigration court had jurisdiction over Mr. Escobar um despite the lack of a time and place notice in the initial paperwork filed in his removal proceedings. Judge, judges, I would like to draw your attention to the district court case. I'm sure you're aware of it. U.S. v. Virgin Ponce out of the Eastern District of Washington. In that case, the district court held that Pereira applies the Pereira rule that a lack of notice of time and divest the immigration court, excuse me, that it triggered the stop time rule and a lack of that notice was a problem. And so, judge, we're asking as other defendants have, judges, we're asking that you extend the Pereira ruling to the immigration court's jurisdiction over removal proceedings under 8 U.S.C. 1229 and removal proceedings under 1326. And judge, again, judges, I am aware of the Eighth Circuit case law in positions such as in Alley v. Barr and Apolinar v. Barr as well as the recent case that the U.S. attorney sent out as a 28-J notice as U.S. v. Espinal. And judges, I'm respectfully asking you to rule a different way essentially and hold that a lack of time and place under 1229 did not confer proper jurisdiction to the immigration court. Well, are you in effect conceding that Alley and the other cases you mentioned foreclose this panel from taking that course such that you would have to have the full court revisit what we said in the prior cases? Or are you suggesting that there's some basis for distinction between the prior decisions in this case that would allow our panel, that is, to rule in your favor? Judge, the record, as I'm aware of it, does not distinguish this case from the cases that you mentioned, Judge. Well, ordinarily then in that situation, the only recourse for an appellant would be to petition the court. But I just wanted to make sure whether you're suggesting there's a way around these cases for this panel or whether we're in the other posture. Judge, I've reviewed those cases and as much as I would like to distinguish this case and the record in this case from those others, I don't believe that the record supports that. And so what I would ask this court to reconsider its holdings in Apollonar and Alley v. Barr. Is the circuit conflict in light of Judge Wood's opinion in that Seventh Circuit case? And I'm... Judge, has a petition for cert been filed in any of these cases? I believe that there have been petitions for cert. I do not know off the top of my head if those petitions for cert have been granted. I was following a couple of them. I do not know the result of those. The issue, Judges, the issue has been dealt with by a number of courts and as Appellee's brief pointed out, a number of them have held that a lack of proper notice under 1229 does not divest or did not in effect divest the Immigration Court of Jurisdiction. What we are asking, what Mr. Escobar is asking this court to do is reconsider its holdings in those Virgin Ponds. All right. Very well. Do you have anything further? I have nothing further. All right. Well, thank you for your argument. Thank you. Ms. Smith, we'll hear from you. Thank you, Your Honor. Good afternoon, Your Honors. May it please the court. My name is Tessie Smith and I represent the government in this matter. Your Honors, the government respectfully requests that this court affirm the District Court's denial of Mr. Escobar's motion to dismiss. As a threshold matter, Mr. Escobar cannot circumvent the requirements set forth in 8 U.S.C. 1326d to attack his removal order and he fails to meet any of those requirements. And additionally, even if this court did examine Mr. Escobar's claim under the purely jurisdictional nature that he raises it, this court's prior decisions in Ali v. Barr and even earlier in Hader v. Gonzalez dictate that Mr. Escobar is without relief. Specifically, those cases determine that the statutory notice requirements have nothing to say about when the immigration court is vested with jurisdiction. So addressing the first issue, the plain language of section 1326d states that an alien may not challenge the validity of a deportation order unless he demonstrates the three requirements set therein. This plain language that was mandated by Congress states that any collateral attack must meet these requirements and Congress didn't create any sort of exception on the basis of subject matter jurisdiction. Pursuant to the wording of the act that passed 1326d, which was the anti-terrorism and effective death penalty act of 1996, it stated within the act that 1326d shall apply to all criminal proceedings initiated after the act's passage, which occurred in April of 1996. Additionally, the Supreme Court has stated that collateral attacks on the basis of subject matter jurisdiction are not allowed where a party had the opportunity to litigate the matter in their original proceeding. Mr. Escobar raises no reason why he didn't raise this issue in his original immigration proceeding. So even according to the regular rules ascribed to Article III courts, he can no longer waive or he can no longer bring forth this subject matter jurisdiction argument to collaterally attack his deportation order, which is a final judgment. What were his options when he got the order to show cause if he wanted to exhaust further? So he could have appealed, but he waived his right to appeal in this matter. To whom? I'm actually not certain who he would have appealed to, what the appeal process was in January of 1996. But I believe if he were to appeal now, it would go up to the Board of Immigration Appeals. But regardless, in this case, he made no effort. He waived his right to appeal. So, Your Honors, if we would then look. Did he execute a formal waiver or do you just mean he failed to do anything and thereby waived it? It was a formal waiver within the order of removal itself. On the bottom of the order of removal, which is part of the record in this case, it is circled on there that he waived his right. So although we don't have the record of exactly what occurred at the immigration hearing, my understanding is that during that deportation proceeding, he verbally, before the court, waived his right to appeal. Yeah, I have that document and it does look like waived is circled. That's what you're referring to? Yes, Your Honor. Document 19-1 in the record? Yes. So because he didn't raise that issue below, he is not now allowed to collaterally attack subject matter jurisdiction. But even if we were to examine this appeal from the purely subject matter jurisdiction label that Mr. Escobar gives to his appeal, as opposing counsel indicated, this court has already rendered decisions on that in Alley v. Barr. And actually, this court even looked at this exact same issue earlier in Hayter v. Gonzalez, which occurred in 2006. So in both of these cases, the Eighth Circuit held that the omission of the time and place within the notice document is not a matter affecting the jurisdiction of the immigration court, and that instead, the applicable regulations dictate that jurisdiction is vested with the immigration court upon the filing of the charging document. Now, I do want to make one matter clear. Most of the cases that have examined this issue, including Alley v. Barr, have examined the statutes and regulations as they existed after the passing of the IIRIRA, which occurred in September of 1996. So the statutes and regulations at issue in this appeal are different than they are now. But based upon their structure and wording, this court does not need to reexamine the Alley holding. Just as in 1229A, which was the statute examined in Alley, nothing in the applicable statute here, which is 8 United States Code section 1252 B.A., there is nothing in that section that indicates how jurisdiction is vested with the immigration court. And similarly, the regulations as they existed in 1996, January of 1996, indicated that jurisdiction vests with the immigration court upon the charging of the filing document. And that section would have been 8 CFR section 3.14 in 1996, January of 1996. Additionally, just as the regulations at time and place of the hearing be listed as part of the notice to appear, neither does the regulation as it existed in January of 1996. One even more important distinction to make for this appeal, though, is that in the regulations as they existed in January of 1996, there was no inclusion of the time and place of the hearing as being a part of the order to show cause requirement. That's different from the regulations as they exist now, because under it is 8 CFR 1003.18, it states the time and place of the hearing should be mentioned where practicable. That language is nowhere to be found in the regulations as they existed in January of 1996, even further bolstering the government's argument in this specific case. What was the regulation at the time? It would have been 8 CFR 3.18. And that regulation as it exists now in 1003.18, there is a second subsection and it is subsection B, whereas in January of 1996, under 3.18, there was no subsection B that mentioned the order to show cause at all. On that same note, Mr. Escobar's claim in this case fails because he alleges in his appeal that the order to show cause was deficient because it didn't contain the time and place of the hearing. Well, as the statutes existed in January of 1996, the order to show cause actually didn't require the time and place of the hearing to be part of the order to show cause. Instead, under 8 U.S. Code 1252 B.A., there were two different types of notices. There was the order to show cause, which was under subsection 1, and a potentially separate time and place of hearing notice, which was provided in subsection 2. And subsection 2 states that the time and place of order to show cause or otherwise. So, your honors, it's for all of these reasons that Mr. Escobar does not have, and I see my time is almost up, but I was wrapping up. What was your last point about 1252 B.2? Yes. Well, I don't understand your point. Are you relying on the otherwise word, or are you saying, I don't understand? So, the point I'm making is that Mr. Escobar, in this case, claims that he was served with an order to show cause that was deficient because it didn't have the time and place of hearing. That's not correct because the statutes as they existed in January of 1996 did not require the order to show cause to, or the order to show cause to have the time and place of the hearing. Instead, that could be provided within subsection 2, which was its own separate notice. Well, you're saying we don't know if he received the notice separately? No, your honor. I don't believe there isn't a separate notice in the record, but that's also likely because he requested a prompt hearing when he was served his order to show cause, and he had his hearing two days later. Okay. Thank you for your argument. Thank you. Do you have anything further, Mr. Calamkarian? Judge, the only thing I would add is that under the U.S., under Virgin Ponce, in reference to 1326, an exhaustion of administrative remedies, that if the remedies are inadequate, ineffectuous, or futile, or the administrative proceedings are void, one does not need to exhaust administrative remedies. That's from Virgin Ponce. That's the only thing I would add, Judge. All right. Well, you have four minutes remaining, but you're not required to use all of the time. So, if you said your piece. I have nothing further to add, your honor. Well, I guess one thing, Judge, and as Ms. Smith pointed out, in CFR 83.18, which was the precursor to the current reg, the immigration court shall be responsible for providing notice of time, place, and date. I believe that that was in effect in 1996. I would also like the court to be aware of that. Other than that, your honor, I have nothing further to add. Do you have any response to the exhaustion problem and the waiver of the appeal? Judge, I mean, the record is what it is. I wasn't around in 1996. You know, from what we see in the record, he did waive appeal, and that's what the record shows. Okay. Well, thank you both for your arguments and for appearing in this forum. The case is submitted, and the court will file an opinion in due course. Thank you, your honor. Thank you, Ms. Smith. Counsel are excused. Thank you.